IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WADE KNIGHT,                           :
                                       :
        Petitioner                     :
                                       :
    v.                                 :  CIVIL NO. 3:CV-06-1355
                                       :
UNITED STATES OF AMERICA[1],           :  (Judge Conaboy)
                                       :
        Respondent                     :
_____

**MEMORANDUM**

**Background**

Wade Knight, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Accompanying the petition is an in forma pauperis application.  Named as Respondent is the United States of America.

Petitioner was convicted of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery following a jury trial in the United States District Court for the Eastern District of Pennsylvania.  On September 6, 2000, Knight was sentenced to a two hundred and

_____

[1]  The only proper Respondent in this § 2241 proceeding is the USP-Allenwood Warden.

1

thirty-five (235) month term of incarceration.  He unsuccessfully appealed his conviction to both the United States Court of Appeals for the Third Circuit[2] and the United States Supreme Court.  Petitioner also unsuccessfully challenged his conviction via a petition under 28 U.S.C. § 2255 and in two (2) prior habeas corpus petitions filed with this Court.

In his present action, Knight asserts the following four (4) claims: (1) Detective Ruby Ernest Gary "committed fraud upon the Court" with respect to his trial testimony regarding the circumstances surrounding a confession made by Petitioner; (2) Knight's Fifth Amendment privilege against self-incrimination was infringed via admission of his statement which was taken by law enforcement officials on October 29, 1999 after he invoked his Miranda[3] right to remain silent; and (3) the prosecution withheld favorable evidence regarding the credibility of Detective Gary in violation of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).  Doc. 1, Attachment, ¶ 9(A).

### Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration

---

[2]  See United States v. Knight, 281 F.3d 225 (3d Cir. 2001)(Table).

[3]  See Miranda v. Arizona, 384 U.S. 436 (1966).

by the Judge") of the Rules Governing Section 2254 Cases in the
United States District Courts, 28 U.S.C. foll. § 2254 (1977)
(applicable to § 2241 petitions under Rule 1(b)).  <u>See, e.g.</u>,
<u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule
4 provides in pertinent part: "If it plainly appears from the
face of the petition and any exhibits annexed to it that the
petitioner is not entitled to relief in the district court, the
judge shall make an order for its summary dismissal and cause the
petitioner to be notified."  A petition may be dismissed without
review of an answer "when the petition is frivolous, or obviously
lacking in merit, or where . . . the necessary facts can be
determined from the petition itself . . . ."  <u>Allen v. Perini</u>,
424 F.2d 134, 141 (6th Cir.), <u>cert. denied</u>, 400 U.S. 906 (1970).
<u>Accord</u> <u>Love v. Butler</u>, 952 F.2d 10, 15 (1st Cir. 1991).

     The usual avenue for federal prisoners seeking to challenge
the validity of a federal court conviction or sentence is a §
2255 motion in the sentencing court.  <u>In re Dorsainvil</u>, 119 F.3d
245, 249 (3d Cir. 1997).  Section 2255 provides in part that
"[a]n application for a writ of habeas corpus in behalf of a
prisoner who is authorized to apply for relief by motion pursuant
to this section, shall not be entertained if it appears that the
applicant has failed to apply for relief, by motion to the court
which sentenced him, or that such court has denied him relief,

unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir.), <u>cert. denied</u>, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" <u>Myers v. Booker</u>, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)), <u>cert. denied</u>, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

<u>United States v. Brooks</u>, 230 F.3d 643, 648 (3d Cir. 2000) (citing <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)); <u>see also</u> <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same). As noted by the Court of

4

Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by simply showing that a prior § 2255 motion has been denied.  In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  Knight indicates that his present claims were previously asserted in an unsuccessful § 2255 petition.  To allow Knight to initiate a habeas petition in his district of confinement asserting the same claim would obliterate congressional attempts to promote finality in federal criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective.  The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States

5

v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119

F.3d at 251. "To hold otherwise would simply effect a transfer of

forum for the adjudication of successive challenges to the

validity of a conviction." Kennemore v. True, Civil No. 98-1175,

slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255

motion was only "inadequate and ineffective" (thus allowing a

petitioner to bring a § 2241 habeas corpus action) where the

denial of a habeas action would raise serious constitutional

issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249.

The serious constitutional issue was that a change in substantive

law rendered the conduct for which petitioner was convicted no

longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119

F.3d at 251. Thus, these cases set a high bar for what a court

will consider a serious constitutional issue sufficient to allow

a petitioner to bring a § 2241 petition to challenge a conviction

or sentence.

Knight asserts that his present action is based on newly

discovered evidence. Specifically, the newly discovered evidence

is a letter dated November 8, 2005, which indicates that

Petitioner was incarcerated in the Baltimore County Detention

center from October 29, 1999 until November 1, 1999 with the

exception of a brief period of time when he attended an October

29, 1999 bail hearing.  This Court fails to see how this purported newly discovered evidence contradicts the challenged testimony of Detective Gary that Knight gave an incriminating statement after returning from an October 29, 1999 bail hearing. See Doc. 1, Attachment, ¶ 10(A).  This determination is further bolstered by Petitioner's acknowledgment that on June 9, 2006, an application to file a second or successive § 2255 action based on the same newly discovered evidence was denied by the Court of Appeals for the Third circuit.

Petitioner's present arguments are also not premised on a new rule of law made retroactive to cases on collateral review.  Unlike Dorsainvil, his claims are not related to any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.  Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged.

In this case, Knight has failed to present any facts which could establish that he was not involved in the alleged underlying criminal activity.  Knight's claims have nothing to do with the actual question of Petitioner's guilt. Rather, he contends only that admission of his confession to the crime was barred under Miranda.  Finally, the fact that his present claims were previously asserted in an

7

unsuccessful application for leave to file a second or successive § 2255 petition, does not warrant a determination that Knight's § 2255 remedy is inadequate or unavailable. Consequently, the petition for writ of habeas corpus will be dismissed without prejudice.  An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 17, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WADE KNIGHT,                    :
                                :
        Petitioner              :
                                :
    v.                          :       CIVIL NO. 3:CV-06-1355
                                :
UNITED STATES OF AMERICA,       :       (Judge Conaboy)
                                :
        Respondent              :
_____

**ORDER**

AND NOW, THIS 17th DAY OF JULY, 2006, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

1.  Petitioner's motion seeking leave to proceed in forma pauperis is granted.

2.  The petition for a writ of habeas corpus is dismissed without prejudice.

3.  The Clerk of Court is directed to close the case.

4.  Based on this Court's determination, there is no basis for the issuance of a Certificate of Appealability.

                          S/Richard P. Conaboy
                          RICHARD P. CONABOY
                          United States District Judge